IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ROBERT C. PROKOP,

            Plaintiff,

v.                                            CIVIL ACTION NO.  5:15-cv-05566

REGIONAL JAIL AUTHORITY OF
WEST VIRGINIA, CHARLESTON, WV,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* seeking relief under 42 U.S.C. § 1983 (Document 1) and amendment thereto (Document 6), the Plaintiff's *Application to Proceed Without Prepayment of Fees and Cost* (Document 4), the Magistrate Judge's *Proposed Findings and Recommendation (PF&R)* (Document 8), and the Plaintiff's *Objections* (Document 9).  By *Standing Order* (Document 3) filed on May 5, 2015, this case was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. §636(b)(1)(B).

On June 15, 2015, the Magistrate Judge submitted his PF&R, wherein he recommended that this Court dismiss the Plaintiff's complaint.  Following careful consideration, the Court finds that the Magistrate Judge's PF&R should be adopted and the Plaintiff's objections should be overruled.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Magistrate Judge sets forth the factual allegations and procedural history in detail. The Court now incorporates by reference those facts and the procedural history. To provide context for the ruling herein, the Court provides the following summary.

The Plaintiff is an inmate at Southern Regional Jail in Beaver, Raleigh County, West Virginia. His complaint alleges that on May 20, 2014, the Defendant, the Regional Jail Authority of West Virginia, allowed a Special Response Team ("SRT") to "conduct training exercises using live ammo on inmates at the Southern Regional Jail." (PF&R at 1.) According to the Plaintiff, he and his "cell mate had been locked down for over 24 hours when the SRT members stormed their cell and shot Plaintiff without just cause." (*Id.* at 1-2.) As a result, the Plaintiff claims that he suffered scarring to his right leg, "muscle tissue damage," and emotional trauma. (*Id*. at 2.) As relief, he requests $700,000 in monetary damages, plus costs. (*Id*.)

**STANDARD OF REVIEW**

28 U.S.C. § 1915A provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915(a). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915(b). The Magistrate Judge recommends, based on his screening of the case, that the Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

This Court "shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that the Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## DISCUSSION

The Magistrate Judge began with the established rule that complaints arising under 42 U.S.C. § 1983 ("Section 1983") must be directed at a "person," and that the West Virginia Regional Jail is not a "person" for purposes of Section 1983. (*Id.* at 3.) The Magistrate Judge also found that suits against a state or state agencies in federal court are barred by the Eleventh Amendment to the United States Constitution, and that the West Virginia Regional Jail Authority, as an agency of the State of West Virginia, is thereby immune from the present suit. (*Id.*) On June 29, 2015, Plaintiff filed timely objections to the PF&R. (Document 9.)

The Plaintiff raises two substantive objections to the PF&R. First, the Plaintiff argues that the Eleventh Amendment is properly construed to bar controversies among the states in federal court, rather than suits by a private party against a state or state agency. (Obj., at 2.) Therefore, he claims that the Eleventh Amendment poses no obstacles to the Court's adjudication of this action. (*Id*.)

The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  The United States Supreme Court has interpreted the language of the Eleventh Amendment to bar suits in federal court by litigants seeking redress against a state or a state agency.  *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).  The Fourth Circuit Court of Appeals has consistently applied this construction, as have the Courts in this district.  *See, e.g.*, *Goodman v. Rockefeller, et. al.*, 947 F.2d 1186 (4th Cir. 1991) (holding that the district court properly dismissed Section 1983 claims against State of West Virginia as barred by Eleventh Amendment); *Harter v. Vernon*, 101 F.3d 334 (4th Cir. 1996) (Eleventh Amendment bars suit against any state in federal court); *Webb v. Parsons*, 2011 WL 2076419 (S.D.W.V. May 6, 2011) (finding that the West Virginia Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment).

The Plaintiff provides no textual or precedential support for his assertion that the Court must radically depart from these established interpretations of the Eleventh Amendment, and the Court is unpersuaded by his argument.  This Court is bound by the precedent of the Fourth Circuit Court of Appeals and the United States Supreme Court.  Therefore, the Plaintiff's argument that the Eleventh Amendment does not bar suits by a private citizen against a state must fail.

The Plaintiff's second objection is that because West Virginia law permits claims against the State of West Virginia and its officials and agencies under certain circumstances, and

establishes an exclusive forum for adjudication of some types of claims, the conclusions of the Magistrate Judge as to the Eleventh Amendment are *per se* invalid. (Obj. at 2, citing W. Va. Code, § 14-2-4.) The Plaintiff suggests that by authorizing citizens to seek relief from the State under certain circumstances, the State of West Virginia has waived the sovereign immunity granted by the Eleventh Amendment and consented to suit in federal court for claims arising under Section 1983. (Obj. at 2.)

The Supreme Court has long held that while the Eleventh Amendment acts as a bar to suit in federal court against a state or state agencies, states may waive that immunity by consenting to suit. *See Puerto Rico Aqueduct and Sewer Authority*, 539 U.S. at 144; *Edelman*, 451 U.S. at 673. However, the Supreme Court has set forth a rigorous test for determining whether a state has consented to suit in federal court. Federal courts will only find waiver of a state's constitutional grant of sovereign immunity from suit under the Eleventh Amendment through "the most express language or by such overwhelming implication from the text as (will) leave no room for any other reasonable construction." *Edelman*, 451 U.S. at 673, citing *Murray v. Wilson Distilling Co.*, 213 U.S. 151 (1909). The Court finds that the West Virginia statutes cited by the Plaintiff do not even approach that high threshold.

The Plaintiff relies first upon Section 14-2-4 of the West Virginia Code in arguing for affirmative consent by the West Virginia Legislature to suit in federal court under Section 1983. (Obj., at 2, citing W. Va. Code, § 14-2-4.) Section 14-2-1 states that "[t]he purpose of this article is to provide a simple and impartial method for the consideration of claims against the state that cannot … be determined in the regular courts of the state …" W.Va. Code § 14-2-1. The statutory provision specifically cited by the Plaintiff, Section 14-2-4, creates a "court of claims," with a total of three judges. W. Va. Code, § 14-2-4. A review of Chapter 14, Article 2, of the

West Virginia Code in its entirety reveals no explicit references to waiver of West Virginia's constitutional right to sovereign immunity from suit in federal court under the Eleventh Amendment, and no discussion whatsoever of consent to suit in federal court under Section 1983 or any other cause of action. To the contrary, the West Virginia Legislature explicitly stated that the purpose of the Chapter was to create a forum for claims against the State of West Virginia which, for various reasons, were not cognizable in existing state courts. W.Va. Code § 14-2-1. This Court thus concludes that the statutory provisions cited by the Plaintiff clearly fail to meet the rigorous test for consent established by the Supreme Court.

Even if the Plaintiff were correct with respect to the interpretation of the Eleventh Amendment, his claims would nonetheless require dismissal by this Court. As the Magistrate Judge found, the Plaintiff's complaint fails to satisfy the required pleading standard for a claim arising under Section 1983.[1] Section 1983 provides a federal cause of action against "every *person* who, under the color of any statute, ordinance, regulation, custom, or usage, of any State" deprives "any citizen" of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. §1983 (emphasis added). The Fourth Circuit has held that under Section 1983, state agencies are not a "person." *See, e.g.*, Preval v. Reno, 203 F.3d 821 (2000) (unpublished) (holding that the Piedmont Regional Jail is not a "person" under Section 1983.) Therefore, because the Plaintiff's complaint names only a state agency as Defendant, it fails to state a claim for which relief may be granted, and requires dismissal by this Court.

## CONCLUSION

Wherefore, after careful consideration and for the reasons stated herein, the Court **ORDERS** that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 8)

---

[1] The Plaintiff failed to object to the findings of the magistrate judge with respect to the pleading standard of Section 1983.

be **ADOPTED,** the Plaintiff's *Objections* (Document 9) **OVERRULED**, the Plaintiff's *Complaint* (Document 1) **DISMISSED,** and the *Application to Proceed Without Prepayment of Fees and Cost* (Document 4) **DENIED**.  The Court further **ORDERS** that this case be **REMOVED** from the Court's docket, and that any pending motions be **TERMINATED.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge R. Clarke VanDervort and to the Defendant.

ENTER:    October 14, 2015

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA